ARSENE LEBLANC *vs.* LOUIS G. LEVASSEUR.

Androscoggin County. Decided October 4, 1922. An allegation in a declaration in a writ, in effect that the defendant agreed with the plaintiff, at the time of the making of a sale of an automobile, that if it did not measure up to the terms of an accompanying warranty against defects in construction, the vendor "would take the machine back and pay him back his money," sufficiently lays a promise of a repayment by the defendant, the count in all other respects being good. A demurrer to the declaration was adjudged bad, and rightly. Being devoid of merit, an exception to the overruling of the demurrer is itself overruled.

This action was begun "to recover the money back," the contract of sale having been rescinded for a breach of the warranty mentioned. Defendant's liability, as found by the jury, is abundantly supported by proof. Damages were awarded in the sum of $1,740.00. The award is excessive in amount. The price of the automobile apparently was $3,270.00, though the declaration fixes it at $3,240.00. Adopting the latter figure, that price was made up by the plaintiff thusly:

By exchanging with the vendor a truck, at the
    agreed value of............................................. $1,940.00
  an allowance for tires, stated by plaintiff
    to have amounted to $75.00 but con-
    sistently ........................................................ 60.00
  plaintiff's promissory note to defendant.... 1,000.00
  Cash.................................................................. 240.00
                                          ————— $3,240.00

Plaintiff, before this action was commenced, had paid $500.00 on the note. The immediate question is, not whether the plaintiff will pay the rest of the note which, presumably, the original payee still holds, nor yet in whom the title to the truck, and as well that of the tires, may be, but as to how much money the plaintiff is to be regarded as having paid toward the purchase price of the automobile, and, therefore, to be entitled to recover. He has so paid $740.00. That is the measure of the proper amount of a verdict in this case, save that the plaintiff is entitled to interest on the amount, calculated from February 14, 1921, the day of the rescission, to May 2, 1922, the day of the date of the verdict.

If, within thirty days after the filing of this rescript, the plaintiff will file a remittitur of so much of the verdict as is herein indicated to be excessive, the motion for a new trial will be overruled; otherwise it must be sustained. Exceptions overruled. Motion overruled, if remittitur filed; otherwise, motion granted. *Frank A. Morey*, for plaintiff. *Benjamin L. Berman and Jacob H. Berman*, for defendant.